FRANKLIN T. GRIMES, Respondent, *v.* GARRARD LONG AND FRANCIS E. LONG, Appellants.

1. *Husband and wife — Marital interest of husband in his wife's property liable for his debts, when.*—The marital interest of the husband in his wife's realty was, before the adoption of the provision contained in section 14, ch. 115, Gen. Stat. 1865 (Wagn. Stat. 935, § 14), liable for his debts not contracted by him prior to his marriage, or as surety, or prior to the time when his wife came into possession of her property. (R. C. 1855, p. 754.)

## *Appeal from Clay Circuit Court.*

This was a suit in ejectment in the Clay Circuit Court by the plaintiff against Garrard Long, defendant. The evidence showed among other things a sheriff's deed to plaintiff, purporting to convey to him the interest of defendant, Garrard Long, in the land in controversy. For other points, see opinion of court.

*Vories & Vories,* for appellants.

The judgments and execution were against Garrard Long alone, and his property alone was levied on, and his interest sold; but this could not affect his wife's property under 1 R. C. 1855, p. 754, which was the law in force at time of sale.

*Jenkins, Hardwick & Merriman,* for respondent.

Should the court be of opinion that Francis Long had some title in the property sold, nevertheless it was subject to the executions issued on the judgments. They were debts contracted long before the act of 1866, and under the act of 1855. (R. C. 1855, p. 754.) Under that law the husband's estate during marriage, in his wife's realty, or his tenancy by the curtesy, is subject to sale for his debts. (Schneider v. Staihr, 20 Mo. 269; 1 Sel. Eq. Cas. 489.)

BLISS, Judge, delivered the opinion of the court.

This is an action for possession of real estate, and plaintiff relies upon a sheriff's deed given him, in pursuance of an execution sale in 1863 to satisfy certain judgments against defendant, Garrard Long.

The only defense worthy of consideration was attempted to be made by Mrs. Long, who claimed to own an undivided half of the property in her own right; but the court refused to consider it, and instructed the jury in favor of the plaintiff.

This sale was previous to the adoption of the provision contained in section 14, chapter 115, Gen. Stat. 1865 (Wagn. Stat. 935), securing the husband's interest in his wife's real estate from sale upon execution against him; and defendants do not bring themselves within the act of 1849, as contained and re-enacted in the revision of 1855, p. 754.

The marital interest, therefore, of Garrard Long in the property passed to the purchaser; and if Mrs. Long's defense had been fully made, it would have availed her nothing.

Judgment affirmed. The other judges concur.